UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Frank Joseph LOPICCOLO,

    Plaintiff,

v.

Officer Michael J. Murphy, Officer Brian Klonowski, Officer Mitchell Heaney, Officer Robert P. Lukofsky, Chief of Police Tom Coomes, individually and in their official capacities as police officers for the City of Southgate, City of Southgate Police Department, and The City of Southgate, Michigan.

    Defendants.
_____/

Case No.:

Hon.

Melissa M. Pearce (P72015)
Law Office of Melissa M. Pearce, PLC
Attorney for Plaintiff
2276 Wixom Road
Commerce Twp., MI 48382
(248) 467-1930
_____/

## PLAINTIFF'S COMPLAINT AND REQUEST FOR DAMAGES AND TRIAL BY JURY DEMAND

NOW COMES Plaintiff, Frank Joseph LoPiccolo, by and through his attorney, Law Office of Melissa M. Pearce, PLC, and for his Complaint states as follows:

### Introduction

1. Frank Joseph LoPiccolo (hereinafter Plaintiff), after being assaulted and battered, his person was then unreasonably and unlawfully seized, falsely imprisoned, and his due process rights and liberty rights were deprived in violation of the United States Constitution and federal statute, by government officials acting in concert and under color of law.

**Parties, Jurisdiction and Venue**

2. Plaintiff is an individual who resides in Westland, Michigan.

3. Defendant Michael J. Murphy is a law enforcement officer of the City of Southgate, Michigan.

4. Defendant Officer Brian Klonowski is a law enforcement officer of the City of Southgate, Michigan.

5. Defendant Officer Mitchell Heaney is a law enforcement officer of the City of Southgate, Michigan.

6. Defendant Officer Robert P. Lukofsky is a law enforcement officer of the City of Southgate, Michigan.

7. Defendant Chief of Police Tom Coomes is the chief law enforcement officer of the City of Southgate, Michigan.

8. Defendant City of Southgate (hereinafter "Southgate") is a municipal corporation organized and existing under the laws of the State of Michigan having authority, duties and powers as provided under the laws of the State of Michigan and the Ordinances of the City of Southgate.

9. City of Southgate Police Department (hereinafter "the police department") is a police department existing and operating according to the laws of the State of Michigan within the Eastern Judicial District of the State of Michigan.

10. The Police Department is the City's agency, created and authorized by it to conduct acts as alleged herein.

11. The Police Department had the responsibility for the hiring, training, supervision, disciplining and retention of police officers it employed, including Murphy.

12. Plaintiff, at the time of this action, is a licensed concealed pistol license holder.

13. The amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00).

14. This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has jurisdiction over the request for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

15. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as the actions alleged herein occurred in the Eastern District of Michigan.

## General Allegations

16. Plaintiff incorporates paragraphs 1 through 15 of this Complaint herein by reference.

17. Plaintiff was not convicted of any criminal law violation.

18. Plaintiff, on March 14, 2010, at approximately 7:30 p.m., arrived at Buffalo Wild Wings, a restaurant located at 13655 Eureka Road, Southgate, Michigan, to have dinner with friends and his minor child.

## COUNT I

### Assault and Battery

19. Plaintiff incorporates paragraphs 1 through 18 of this Complaint herein by reference.

20. Plaintiff was approached by a group of police officers at approximately 8:30 p.m.

21. As the officers approached Plaintiff's table, Plaintiff stood up as he recognized the group as being police officers.

22. Plaintiff's right arm was seized by Defendant Klonowski, who immediately began placing handcuffs on both wrists.

23. Defendant Klonowski began leading Plaintiff outside of the restaurant, which Plaintiff did not resist.

24. Plaintiff told Defendant Klonowski that "he had a CPL."

25. Plaintiff asked if "he was under arrest" and Defendant Klonowski responded in the affirmative.

26. Plaintiff then inquired into the reasoning for the arrest and was told "for carrying a gun in a bar."

27. After Plaintiff explained that it was legal to open carry, Defendant Klonowski removed his pistol and holster as a single unit after several yanks on the Serpa paddle holster to free it from Plaintiff's waistband.

28. Defendant Klonowski began a pat down of Plaintiff removing his two pocket knives from his front pockets.

WHEREFORE, Plaintiff demands personal judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) or such amount that he is otherwise found to be entitled to, plus costs, interest and attorney fees and an additional amount of Five Hundred Thousand ($500,000.00) for punitive and/or exemplary damages.

## COUNT II

### Unlawful Seizure and False Imprisonment

29. Plaintiff incorporates paragraphs 1 through 28 of this Complaint herein by reference.

30. Defendants, Murphy, Klonowski, Heaney, and Lukofsky, law enforcement officers, on March 14, 2010, at approximately 8:30 p.m. unreasonably and unlawfully seized Plaintiff's person without probable cause to be a crime occurred.

31. Defendants Klonowski and Heaney then escorted Plaintiff to a police patrol vehicle that was parked outside of restaurant where Plaintiff was falsely imprisoned.

32. Plaintiff was placed into the rear of the patrol car while still handcuffed and the door was closed.

33. Aware of his unlawful confinement, Plaintiff objected to his false imprisonment.

34. Defendants Klonowski and Murphy in close proximity to Plaintiff throughout Plaintiff's false imprisonment, remained deliberately indifferent to Plaintiff and denied Plaintiff's pleas to be released.

35. An unknown officer, after one hour following Defendants' unreasonable and unlawful seizure and false imprisonment of Plaintiff, allowed Plaintiff to be released from his unlawful confinement.

36. Plaintiff's pistol was returned to him.

37. Plaintiff's wallet and leatherman were returned to him.

38. Plaintiff's knives were not returned to him.

39. After lecturing Plaintiff about open carry of his pistol, Defendants asked Plaintiff to conceal his pistol before returning to the restaurant to prevent further calls to Dispatch.

40. Defendants watched Plaintiff conceal his pistol and return to his party of friends and minor son inside the restaurant.

41. Defendants lacked legal authority to seize, detain, confine, imprison and deprive Plaintiff of his liberty.  Defendants were grossly negligent for unreasonably and unlawfully seizing, and subsequently confining Plaintiff.

42. The conduct of Murphy, Klonowski, Heaney, and Lukofsky as set forth above constituted an unreasonable search and seizure under the Fourth Amendment of the United States Constitution and Art. I, §11 of the Michigan Constitution.  In addition, such conduct constituted a violation of Plaintiff's right to bear arms under the Second Amendment and Art. I, §6 of the Michigan Constitution.

WHEREFORE, Plaintiff demands personal judgment against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) or such amount that he is otherwise found to be entitled to, plus costs, interest and attorney fees and an additional amount of Five Hundred Thousand ($500,000.00) for punitive and/or exemplary damages.

## COUNT III

### Violation of Civil Rights, 42 U.S.C. § 1983, 42 U.S.C. § 1988

43. Plaintiff repeats paragraphs 1 through 42 of this Complaint and incorporates them by reference.

44. This cause arises under 42 U.S.C. § 1983 and 42 U.S.C. § 1988, wherefore; this Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1343(a)(3) and § 1333.

45. The acts described herein occurred on March 14, 2010, within the Eastern District of the State of Michigan.

46. Prior to the events described herein, the City, Police Department, and Chief Coomes developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of citizens, including Plaintiff's.

47. As applied by Defendants, the Statutes and Protocols violated Plaintiff's rights against unreasonable searches and seizures under both the Fourth Amendment of the United States Constitution and Art. I, §6 and §11 of the Michigan Constitution.

48. Specifically, the City, Police Department, and Chief Coomes failed to adequately and properly supervise and train its police officers, including Murphy and Klonowski, in various aspects of law enforcement procedure and substance, including, but not limited to, detentions, searches and seizures, and on laws relating to the ownership and possession of firearms.

49. The above-described acts and omissions by the City, Police Department, and Chief Coomes demonstrated a deliberate indifference to the constitutional rights of citizens, and were the cause of the violations of Mr. LoPiccolo's Second, Fourth, and Fourteenth Amendments to the United States Constitution.

50. As a result of City's, Police Department's, and Chief Coomes's violations of Plaintiff's constitutional rights, Plaintiff suffered substantial injuries and damage.

51. During the events alleged in this Complaint, Defendants acted in concert, within the scope of their employment and under the color of law.

52. Plaintiff exercised his Fourth Amendment right to be secure in his person against unreasonable and unlawful seizure.

53. Defendants, on March 14, 2010, did assault and commit battery to Plaintiff's person, unreasonably and unlawfully seize, detain, confine, falsely imprison, and deprive Plaintiff of his liberty by placing him in a locked patrol car without due process, without lawful justification, without reasonable suspicion, or probable cause to believe a criminal violation had been committed.

54. Plaintiff, aware of his unlawful and false imprisonment, assertively pleaded for his release.

55. Defendants Murphy and Klonowski, notwithstanding Plaintiff's pleas for release, continued to act in concert and deprived Plaintiff of his U.S. Constitutional and Federal rights.

56. Plaintiff argues that the Defendant's issuance of the false ticket occurred in retaliation for his exercise of his Fourth Amendment right to be free of unreasonable seizure and false imprisonment.

57. Defendants' conduct was undertaken under color of law and operated to deprive Plaintiff of his federal rights guaranteed by the United States Constitution and Federal Statute.

58. Defendants violated 42 U.S.C. § 1983; Defendants' conduct operated to deprive Plaintiff of his federal rights guaranteed by the United States Constitution and Federal Statute.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, Plaintiff seeks damages against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) including punitive damages in the amount of an additional Five Hundred Thousand Dollars ($500,000.00) or such amount as the court or finder of fact deems proper, plus costs and attorney fees.

## COUNT IV

### Violation of the Fourth and Fourteenth Amendments

59. Plaintiff repeats paragraphs 1 through 58 of this Complaint and incorporates them by reference.

60. This cause arises under Article 1, Section 2 of the Fourth Amendment of the United States Constitution. The acts described herein occurred on March 14, 2010, within the boundary of Wayne County, in the State of Michigan.

61. Plaintiff's Constitutional rights that Defendants violated include the following:

    A.    Plaintiff's right to liberty protected by the due process clause of the Fourteenth Amendment, which includes personal safety and freedom from captivity.

    B.    Plaintiff's right to fair and equal treatment guaranteed and protected by the equal protection clause of the Fourteenth Amendment.

62. Plaintiff exercised his right to be free of unreasonable seizure guaranteed by Article 1, Section 2 of the Fourth Amendment of the United States Constitution. Plaintiff's right to be free of unlawful seizure in violation of the Fourth Amendment of the United States Constitution cannot be justified by the Defendants' faulty investigation.

63. Defendants' conduct was undertaken under color of law and operated to deprive Plaintiff of a federal right guaranteed by Article 1, Section 2 of the Fourth Amendment of the United States Constitution.

64. Defendants violated Article 1, Section 2 of the Fourth Amendment of the United States Constitution when their conduct operated to deprive Plaintiff of a federal right guaranteed by the United States Constitution.

WHEREFORE, pursuant to Article 1, Section 2 of the Fourth Amendment of the United States Constitution, Plaintiff seeks damages against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) including punitive damages in the amount of an additional Five Hundred Thousand Dollars ($500,000.00) or such amount as the court or finder of fact deems proper, plus costs and attorney fees.

## COUNT V

### Civil Conspiracy

65. Plaintiff repeats paragraphs 1 through 64 of this Complaint and incorporates them by reference.

66. The Civil Rights Act of 1866, as amended, 42 U.S.C. § 1985 and § 1986, prohibits conspiracies to interfere with civil rights.

67. Murphy, Klonowski, Heaney, and Lukofsky violated 42 U.S.C. § 1985 in that they entered into an agreement and combined among themselves and/or with others to engage in unlawful conduct, i.e. depriving Plaintiff of rights guaranteed to him under the Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

68. Murphy, Klonowski, Heaney, and Lukofsky have each done and/or have caused to be done acts in furtherance of this conspiracy whereby Plaintiff had been injured and has been deprived of rights guaranteed to him under the Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

69. Murphy, Klonowski, Heaney and Lukofsky each had actual knowledge of the conspiracies to deprive Plaintiff of his rights protected by § 1985, and each had the power and opportunity to prevent the violations from occurring and/or continuing and failed to do so.

70. As a direct and proximate result of the foregoing, Murphy, Klonowski, Heaney and Lukofsky have caused Plaintiff to suffer significant indignities and financial and other damages and have deprived Plaintiff of his rights and privileges as a citizen of the United States.

WHEREFORE, Plaintiff seeks damages against Defendants in the amount of One Hundred Thousand Dollars ($100,000.00) including punitive damages in the amount of an additional Five Hundred Thousand Dollars ($500,000.00) or such amount as the court or finder of fact deems proper, plus costs and attorney fees.

        Respectfully submitted,

        Law Office of Melissa M. Pearce, PLC
        Attorney for Plaintiff Frank Joseph LoPiccolo

Dated: June 30, 2010        /s/ Melissa M. Pearce
        Melissa M. Pearce (P72015)
        2276 Wixom Road
        Commerce Twp., MI 48382
        (248) 467-1930